IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Bells, Jr., )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>Jon Ozmint, Director of South Carolina )<br>Department of Corrections; Robert E. )<br>Ward, Deputy Director of Operations, )<br>SCDC; Eddie O'Cain, Director of )<br>Security for SCDC, in their official )<br>and individual capacities, )<br>)<br>　　　　Defendants. )<br>_____) | Civil Action No. 6:06-2266-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment. The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

The plaintiff is currently a state prisoner confined to Perry Correctional Institution. The plaintiff is member of the Five Percent Nation of Islam ("Five Percenters"), which has been designated as a Security Threat Group ("STG") by the South Carolina Department of Corrections ("SCDC").[1] Under the SCDC's STG policy, Five Percenters are

---

[1] The SCDC's STG Policy defines an STG as:
any formal or informal organization, association, or group of three (3) or more inmates that have a common name, and whose members or associates engage or have engaged in two (2) or more activities that include planning, organizing, threatening, financing,

(continued...)

placed in administrative segregation. The plaintiff's complaint alleges the defendants have denied him the right to practice his religion and challenges his continued confinement in the Special Management Unit ("SMU") at Perry. He also alleges that he is denied possession of certain unspecified Five Percenter literature or materials. He claims the SCDC's STG Policy violates the First Amendment, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. He seeks damages and a preliminary injunction prohibiting the defendants from enforcing the STG Policy against him. By order dated March 21, 2007, the Honorable R. Bryan Harwell, United States District Judge, denied the plaintiff's motion for a preliminary injunction. In a previous action, *Bells v. Maynard*, C.A. No. 6:02-3981-12AK, the plaintiff made the same allegations as in the instant action, with the possible exception of the claim under RLUIPA. The Honorable C. Weston Houck, Senior United States District Judge, denied the plaintiff any relief in that action.

The defendants first argue that the plaintiff's action is barred by *res judicata* and collateral estoppel. The plaintiff raised allegations regarding the SCDC's STG policy and its application to him in a prior action captioned *Bells v. Maynard*, Civil Action No. 6:02-3981-12AK. He contends that this action is different in that he now asserts his claims pursuant to RLUIPA. The defendants argue that a review of the plaintiff's filings in Civil Action No. 6:02-3981-12AK, including his response to the defendants' motion for summary judgment and the objections filed to the report and recommendation, demonstrate that the plaintiff previously raised these same claims under RLUIPA in that action.

---

[1](...continued)
soliciting or committing unlawful acts or acts of misconduct classified as serious threats or potential threats to the safety and security of the public, the Department, employees, visitors and/or other inmates. SCDC Policy No. OP-21.O1.

*Long Term Administrative Segregation of Inmates Designated as Five Percenters v. Moore*, 174 F.3d 464, 467 (4th Cir. 1999)

2

In his order granting summary judgment in *Bells v. Maynard*, Civil Action No. 6:02-3981-12AK, Judge Houck explained that the "plaintiff alleges that the defendants, based solely on his religion, have placed him in punitive solitary confinement and confiscated his religious literature" (3/18/04 Order at 1). Judge Houck subsequently ruled "that the defendants have not denied the plaintiff the right to practice his religion by designating the Five Percenters as an STG and placing its member in administrative segregation." *Id.* at 2. On the issue of his religious literature, Judge Houck found no constitutional violation based upon the deference afforded to prison officials and the fact that "the defendants have not confiscated all of the plaintiff's religious literature." *Id.* The plaintiff then appealed from Judge Houck's order, but the Fourth Circuit affirmed based upon the reasoning of the District Court. *See Bells v. Maynard*, 109 Fed. Appx. 535 (4th Cir. 2004).

The plaintiff clearly has had a full opportunity to litigate the claims and issues raised in the present case. In fact, he even took advantage of his right to appeal the dismissal of his previous lawsuit. In *Allen v. McCurry*, 449 U.S. 90 (1980), the United States Supreme Court explained that "[t]he federal courts have traditionally adhered to the related doctrines of *res judicata* and collateral estoppel. Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* at 94 (citation omitted). The Court further recognized that "*res judicata* and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id.*

Because the plaintiff's first action was also brought in federal court, the federal rules on claim and issue preclusion apply in the case at bar. "'To establish a *res judicata* defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits.'" *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (quoting *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir.1997)). In the present case, a final judgment has been issued in the first action. The third element is also satisfied in that there is an identity of the parties or their privies in the two lawsuits.[2]

As to the second element, the plaintiff argues that he is raising a RLUIPA claim that he maintains was not raised in Civil Action No. 6:02-3981-12AK. However, assuming a RLUIPA claim was not raised in the prior action, such a claim could have been raised and litigated in the prior action. RLUIPA was enacted in September 2000 and thus was the law when the plaintiff filed his prior complaint in November 2002. The plaintiff was not prevented from asserting such a claim at that time. In *Meekins v. United Transportation Union*, 946 F.2d 1054 (4th Cir. 1991), the Fourth Circuit Court of Appeals explained:

> The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, *regardless of whether they were asserted or determined in the prior proceeding*."

*Id.* at 1057 (emphasis added) (quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir.1989)). In *Meekins*, the court further stated:

> This circuit has adopted a transactional approach to the identity of claims question drawn from § 24(b) of the Restatement

---

[2] The first lawsuit named Gary Maynard, the former Director of the SCDC, and John Doe SCDC prison officials as defendants. The second lawsuit named as defendants Jon Ozmint, the current Director of the SCDC; Eddie O'Cain, the Branch Chief of Special Investigations Unit with the SCDC Office of Inspector General; and Robert Ward, the Director of the Division of Operations for the SCDC.

4

> (Second) of Judgments. *See Keith [v. Aldridge]*, 900 F.2d 736, 740 (4th Cir.1990)]. Under the Restatement (Second) standard "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment. *Harnett* [*v. Billman*], 800 F.2d 1308, 1313 (4th Cir.1986)]."

*Id*. at 1058. Clearly, the RLUIPA arises out of the same transaction as the claims resolved in the earlier judgment. Accordingly, this action is barred by *res judicata*.

Wherefore, based upon the foregoing, the defendants' motion for summary judgment should be granted.

s/William M. Catoe<br>
United States Magistrate Judge

June 6, 2007

Greenville, South Carolina

5