UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Bells, Jr., | ) | C/A No. 6:06-2266-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Jon Ozmint, Director of South Carolina Department of Corrections; Robert E. Ward, Deputy Director of Operations, SCDC; Eddie O'Cain, Director of Security for SCDC, in their official and individual capacities, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is an inmate of the South Carolina Department of Corrections ("SCDC") currently confined in Perry Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 on the basis that he is not being allowed to practice his religion as a member of the Five Percent Nation of Islam in violation of the First, Fourth, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1.

This matter is before the court on motion for summary judgment by defendants filed February 6, 2007. By order filed February 7, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately to the motion for summary judgment. Plaintiff responded to the motion for summary judgment on March 6, 2007.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes

1

before the court with the Report and Recommendation of United States Magistrate William M. Catoe filed June 6, 2007. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge concluded that the defendant's motion for summary judgment should be granted on the basis of *res judicata* and collateral estoppel. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Plaintiff filed objections on June 25, 2007.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

In his objections, the plaintiff appears to admit that he alleged a claim under RLUIPA in his earlier lawsuit, *Bells v. Maynard*, C/A #6:02-3981 and that Judge Houck granted the defendants' motion for summary judgment in that case. However, the plaintiff contends that he was "forced to file a second

2

complaint" due to the fact that Judge Houck "did not view the Plaintiff's claims in accordance with the Act." He cites the provisions of 42 U.S.C. 2000cc-2(c), that adjudication of a claim of a violation of the Act in a non-federal forum is not given full faith and credit in Federal Court unless the claimant had a full and fair adjudication of the claim in the non-federal forum.

The plaintiff's objections lack merit. First, the plaintiff appears in the instant case to be attempting to somehow challenge the ruling by Judge Houck in his earlier lawsuit. However, the plaintiff already unsuccessfully appealed Judge Houck's Order to the Fourth Circuit Court of Appeals. *See Bells v. Maynard*, 109 Fed. Appx. 535 (4th Cir. 2004) (Unpublished decision)("Accordingly, we affirm for the reasons stated by the district court.") This Court has no authority to review a decision by the Fourth Circuit or another district judge. Additionally, the cited provision of RLUIPA refers to claims in non-federal forums and Judge Houck's order was entered in a federal forum. Finally, even if the plaintiff's claims in the case at bar are not identical to those in his earlier lawsuit, the plaintiff could have raised the RLUIPA claims in the earlier lawsuit and they are therefore barred by the doctrine of *res judicata*.

The court has reviewed the Report, objections, pleadings, and applicable law. The court overrules all objections, adopts the Report and Recommendation, and incorporates it herein by reference. Accordingly, defendant's [18] motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                         s/R. Bryan Harwell
                                         R. Bryan Harwell
                                         United States District Judge

June 26, 2007
Florence, SC